IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES KELLY MONROE, AIS# 167435 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 25-00066-KD-N |
| ) | |
| MR. BLACKMON, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## ORDER TO AMEND COMPLAINT

Plaintiff James Kelly Monroe, an Alabama inmate, filed a complaint seeking relief under 42 U.S.C. § 1983 against Transamerica Equipment Company ("Transamerica"), Supervisor at Transamerica Mr. Blackmon, and Commissioner for the Alabama Department of Corrections John Hamm. (Doc.1). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Upon review of the complaint, and for the reasons discussed below, the undersigned finds that the complaint is due to be DISMISSED without prejudice prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, instead of dismissing the complaint, Plaintiff is **ORDERED** to **AMEND COMPLAINT** on or before **JANUARY 23, 2026**.

### I.      Standard of Review.

Pursuant to 28 U.S.C. § 1915, the Court is to review the plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than

discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint. . . ."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the claims are frivolous or fail to state a claim.).

A claim is frivolous "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks omitted). This means a complaint must have sufficient factual allegations that "raise a right to relief above a speculative level" and the allegations must "show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the Court liberally construes the plaintiff's allegations, holding them to a more lenient standard than those of an attorney. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). Furthermore, a court "accepts the complaint's factual allegations as true," *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), but does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 681. In addition, a *pro*

*se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.     Summary of Complaint (Doc. 1).

Plaintiff is suing for being injured on the job at Transamerica, who contracts with the Alabama Department of Corrections ("ADOC") through its work release program. While at work on or about April 15, 2023, Plaintiff claims he was hit by a cable, knocked to the ground, and injured. (Doc. 1 at 4). Plaintiff broadly claims that the defendants conspired to deprive him of his Eighth and Fourteenth Amendment rights when they refused to pay worker's compensation or pay for his medical bills. Plaintiff requests a jury trial and monetary damages.

## III.     Discussion.

At this stage of the action, the Court accepts Plaintiff's allegations as true and construes his complaint liberally, as it must. *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (The Court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff."); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (Explaining courts are to "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly ... construe [*pro se*] pleadings liberally." (citations and quotation omitted)). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id*. (citations and quotation omitted). Here, Plaintiff's complaint lacks sufficient details "accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'. . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020).

Here, Plaintiff is suing Transamerica, Transamerica Supervisor Mr. Blackmon, and ADOC Commissioner John Hamm under 42 U.S.C. § 1983 for deliberate indifference to his medical needs and conspiracy to deny him medical treatment for his injury. To bring an action under § 1983, a plaintiff must show that a defendant is a person who, while acting under color of state law, deprived the plaintiff of his constitutional or federal rights through his actions, orders, customs, or policies. *Zatler v. Wainwright*, 802 F.2d 397, 491 (11th Cir. 1986). "[T]he under-color-of-state-law-element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)

(citation and internal quotation marks omitted). And Plaintiff must *causally connect* in his allegations each defendant's actions, orders, customs, or policies to the deprivation of his constitutional and federal rights to state a § 1983 claim. *Zatler*, 802 F.2d at 491.

To start, it is unclear whether Transamerica (a private company) and its supervisor, Mr. Blackmon, are state actors for the purposes of § 1983. To state a claim under § 1983 against these two defendants, Plaintiff must show that they acted under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see Fuller v. Gates*, 6:13-cv-01766-RDP-SGC, 2015 WL 854478, at *9–10 (N.D. Ala. Feb. 27, 2015) (unpublished) (finding that Platinum Homes, Lamb Motors, and their employees were private entities and not state actors with respect to the work-release plaintiff's claim); *Eatmon v. Pilgrim Pride Chicken Plant*, 1:11-CV-1002-TMH, 2012 WL 1319537, at *1 (M.D. Ala. Mar. 20, 2012) (unpublished) (finding that the work release inmate's claims against his employer, Pilgrim Pride, and his supervisor at Pilgrim Pride were frivolous because these defendants did not act under color of state law).

Next, Plaintiff has failed to provide sufficient details to establish a plausible constitutional claim for deliberate indifference to a medical need or a conspiracy to deny him medical care under section 1983. To state a deliberate indifference claim, a plaintiff must show (1) an objectively serious medical need or problem; (2) the defendant's deliberate indifference to that need or problem; and (3) causation between the official's deliberate indifference and the plaintiff's injury. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). To establish liability for a deliberate indifference claim, a plaintiff must demonstrate (1) "that he suffered a deprivation that was, 'objectively, "sufficiently serious," ' " (2) "that the defendant acted with 'subjective recklessness as used in the criminal law,' " – that is, the defendant was "actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff"

and (3) "that even if the defendant 'actually knew of a substantial risk to inmate health and safety,' he 'cannot be found liable under the Cruel and Unusual Punishment Clause' if he 'responded reasonably to the risk.' " " *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839, 844-45 (1994)). Plaintiff has currently failed to plead facts that go to any of these elements. First, the complaint does not include any mention of the sustained injury or how Plaintiff was harmed. Second, the complaint lacks details about what any defendant personally knew about the incident, injury, or requests for treatment. Third, Plaintiff has not described the actions of any named defendant. Instead, Plaintiff makes the conclusory claim that he was injured on the job and that the defendants denied him worker's compensation and medical treatment. Plaintiff's sparse allegations in the complaint related to the facts surrounding the incident, his sustained injury, and the defendants' subjective knowledge and recklessness fall far short of the standards needed to state a claim upon which relief may be granted.

Similarly, Plaintiff has failed to sufficiently plead a claim for conspiracy. "[T]o state a plausible conspiracy claim under section 1983, a plaintiff must allege facts suggesting that the defendants 'reached an understanding to deny' a constitutional right. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023), *cert. denied,* 144 S. Ct. 1008, 218 L. Ed. 2d 174 (2024) (quoting *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (11th Cir. 1970). The linchpin for stating a conspiracy claim is an agreement. *Ward v. Chafin*, No. 22-12993, 2023 WL 2661527, at *5 (11th Cir. Mar. 28, 2023), *cert. denied,* 144 S. Ct. 216, 217 L. Ed. 2d 74 (2023) (citing *Bailey v. Bd. Of Cty. Comm'rs of Alachua Cty.*, 956 F.2d 1112, 1112 (11th Cir. 1992)). This agreement must be shown with sufficient facts to plausibly suggest that an agreement was made. *Twombly*, 550 U.S. at 556. However, "a conclusory

allegation of agreement at some unidentified point does not supply facts adequately to show illegality." *Id.* at 557. "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy[.]" *Id.* at 556-57. That is, the allegations "must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557; *see Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (holding the stringing together of steps in the commitment process without alleging contacts to prove an understanding was reached did not state a conspiracy claim). In the absence of specific facts, an allegation of a conspiracy that is vague and conclusory or is merely a label is subject to dismissal. *Twombly*, 550 U.S. at 555; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). In his complaint, Plaintiff has provided no allegations of an agreement or facts which plausibly suggest that an agreement was reached. Instead, he asserts only conclusory allegations of conspiracy. Accordingly, Plaintiff's conspiracy claim(s) should be dismissed.

## IV.   Leave to Amend.

The general rule in this circuit for *pro se* plaintiffs, or plaintiffs who do not have an attorney, is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties). However, "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.* Because it is possible that a

more carefully drafted complaint may state a claim, Plaintiff will be given the opportunity to amend the complaint. Accordingly, Plaintiff must refile his complaint on the Court's form and causally connect each defendant to the alleged violations. In amending the complaint, Plaintiff should:

1. Describe in detail the full situation and incident that occurred on April 15, 2023.
2. Explain the injury sustained and medical or health problem(s) that followed.
3. Explain who he sought help from; how he attempted to get help, and what was the outcome.

## V.  Conclusion.

For the reasons discussed above, Plaintiff is hereby **ORDERED** to file an amended complaint on or before **January 23, 2026.**

Plaintiff is informed that his amended complaint will completely replace his previous complaint. Therefore, the amended complaint shall not rely upon, reference, or seek to incorporate by reference any portion of his prior complaints. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed). Plaintiff must include every detail and claim he wants to bring against defendants within the amended complaint, or it will not be considered by the Court. The Court will screen Plaintiff's amended complaint under 28 U.S.C. § 1915 once it is filed.

Plaintiff is **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to comply with the pleading standards set out in this order, the undersigned will recommend that this action be dismissed.

Plaintiff is further **cautioned** that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to comply with the Court's orders.

The Clerk is **DIRECTED** to send Plaintiff the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as a copy of his initial complaint (Doc. 1), along with a copy of this order.

**DONE and ORDERED** this **16th** day of **December, 2025**.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**